IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| "ROCKY" ROQUE DE LA FUENTE, | ) | CIVIL 16-00398 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT T. NAGO, in his | ) | |
| official capacity as Chief | ) | |
| Election Officer, State of | ) | |
| Hawaii, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Scott T. Nago, in his official capacity as Chief Election Officer ("Nago"), and the State of Hawaii's (collectively "Defendants") Motion to Dismiss ("Motion"), filed on September 27, 2016. [Dkt. no. 15.] Pro se Plaintiff Roque De La Fuente ("Plaintiff") did not file a memorandum in opposition, and the Court therefore considers the Motion unopposed. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, the supporting memorandum, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiff was an independent candidate for President of the United States who wanted to form a new political party, but claims that he was unable to do so because of deadlines imposed by Hawai`i law. [Complaint for: 1) Violation of the Due Process Clause – 42 U.S.C. § 1983 – Undue Burden 2) Violation of the Equal Protection Clause ("Complaint"), filed 7/19/16 (dkt. no. 1), at ¶¶ 1-2, 7.] Plaintiff states that Nago is the "delegated official in charge of the administration of elections." [Id. at ¶ 8.] Pursuant to Haw. Rev. Stat. § 11-62, the deadline to submit signatures to have his new party placed on a ballot for the November 2016 election was February 25, 2016, at 4:30 p.m. [Id. at ¶ 11.] Plaintiff asserts that this is the earliest deadline in the entire country, and, in addition, Hawai`i requires more signatures to form a new party than most other states. [Id. at ¶¶ 12-15.]

Plaintiff brings two claims for relief. First, he alleges that Defendants, acting under the color of state law, have: "deprived and severely burden[ed] Plaintiff's political speech and political association rights in direct violation of the First and Fourteenth Amendments to the United States Constitution"; and "deprived Plaintiff of the rights, privileges and immunities secured to him under the First and Fourteenth Amendments to the United States Constitution and [42 U.S.C.

§ 1983] to participate in the democratic process free from

unreasonable impediments, undue restraints on core political

speech, and discriminatory ballot access restrictions"

("Count I"). [Id. at ¶¶ 19-20.] Second, Plaintiff asserts that

enforcement of § 11-62 has deprived him of his Fourteenth

Amendment rights by preventing him from "participat[ing] in the

democratic process free from discriminatory action" because it

"make[s] it impossible to organize and qualify a political party

for election ballot purposes before the November General

election" ("Count II").[1] [Id. at ¶ 23.] Plaintiff seeks:

declaratory relief; a permanent injunction;[2] reasonable fees and

costs pursuant to 42 U.S.C. § 1988; and "such other and further

---

[1] The title page of the Complaint states a violation of the due process clause, see Complaint at pg. 1, but Plaintiff does not assert such a violation anywhere else. Moreover, "[a]t a minimum, the due process clause requires that a deprivation of life, liberty or property by adjudication be preceded by notice and opportunity to be heard, appropriate to the nature of the case." Oyama v. Univ. of Haw., Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *8 (D. Hawai`i Apr. 23, 2013) (citing Armstrong v. Manzo, 380 U.S. 545, 550, 85 S. Ct. 1187, 1190, 14 L. Ed. 2d 62 (1965)). The Complaint does not allege that Plaintiff was denied notice or an opportunity to be heard. In fact, it does not even allege that Plaintiff filed the relevant application for ballot access. As such, the Complaint cannot be construed as bringing a claim for violation of the Fourteenth Amendment's due process clause.

[2] Plaintiff states that he seeks a preliminary injunction, see Complaint, Prayer for Relief ¶ B, but he did not file a separate motion, see Local Rule LR10.2(g) ("An application for a temporary restraining order or preliminary injunction shall be made in a document separate from the complaint."). For that reason, the Court does not construe the Complaint as seeking a preliminary injunction.

relief as the Court may deem just and proper."  [Id., Prayer for

Relief ¶¶ A-D.]

**DISCUSSION**

As a preliminary matter, the Court "liberally construes

[Plaintiff's] filings because [he] is proceeding pro se."  See

Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015

WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) (citing Eldridge v.

Block, 832 F.2d 1132, 1137 (9th Cir. 1987)).  "'Pro se

litigations must [nonetheless] follow the same rules of procedure

that govern other litigants.'"  Id. (alteration in Pregana)

(quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

*overruled on other grounds by* Lacey v. Maricopa Cnty., 693 F.3d

896 (9th Cir. 2012)).

## I.   Subject Matter Jurisdiction

The Complaint concerns the 2016 presidential election,

which has been held and completed.  See, e.g., Complaint at ¶ 23

("the arbitrary restrictions of which make it impossible to

organize and qualify a political party for election ballot

purposes before the November General election.").  The Court

therefore must consider whether it still has subject matter

jurisdiction over the instant dispute.  This district court has

stated that, in determining the presence or absence of subject

matter jurisdiction,

> the court determines whether Plaintiffs' challenge
> is justiciable, as this court's "role is neither

4

to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas [v. Anchorage Equal Rights Comm'n], 220 F.3d [1134,] 1138 [(9th Cir. 2000) (en banc)]. Justiciability includes the doctrines of mootness, ripeness, and standing, see, e.g., Culinary Workers Union, Local 226 v. Del Papa, 200 F.3d 614, 617 (9th Cir. 1999) (observing that Article III's case or controversy "justiciability limitations are reflected in the doctrines of standing, mootness, and ripeness").

Temple v. Abercrombie, 903 F. Supp. 2d 1024, 1030-31 (D. Hawai`i 2012).

A.    **Standing**

Defendants argue that the Motion should be granted because Plaintiff lacks standing.  Specifically, Defendants argue that, while Plaintiff challenges the statutory filing deadline to form a new political party, he "does not allege that he could have secured the number of required signatures from registered voters or that he attempted to do so in February or at any time after that."  [Mem. in Supp. of Motion at 9 (emphasis omitted).] Further, Defendants argue that "[i]f Plaintiff could not have secured the required signatures even with a later deadline, then [Haw. Rev. Stat.] § 11-62 did not cause his alleged injury and enjoining it would provide him no relief."  [Id. at 10.]  In short, Defendants argue that Plaintiff has not shown injury, causation, or redressability.

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." Covington v. Jefferson Cty., 358 F.3d 626, 637 (9th Cir. 2004). Standing requires: "(1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 637-38 (alterations, footnote, citation, and internal quotation marks omitted). This district court has stated:

> "[Fed. R. Civ. P.] 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).
>
> When, as here, the challenge is facial rather than factual, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). In a facial attack on jurisdiction, the court "confin[es] the inquiry to allegations in the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1040, n.2 (9th Cir. 2003).

Amsterdam v. Abercrombie, Civil No. 13-00649 SOM-KSC, 2014 WL
689764, at *2 (D. Hawai`i Feb. 19, 2014) (footnote omitted).

Defendants bring a facial challenge to the Complaint,
and, taking the factual allegations as true and reading them in
the light most favorable to Plaintiff, he has standing in the
instant matter.  Plaintiff submits that:  (1) he wanted to form a
new political party; (2) the deadline under Hawai`i law, which he
alleges is earlier than most other states, prevented him from
doing so; and (3) his access to the Hawai`i ballot was blocked as
a result.  He has alleged an imminent, concrete injury that is
traceable to Hawai`i law and that, at least in theory, can be
redressed by a favorable decision.  Therefore, insofar as
Defendants' Motion seeks dismissal of the instant action for lack
of standing, it is HEREBY DENIED.[3]

---

[3] Defendants also argue that Plaintiff's request for
injunctive relief was filed too late, and that this relief should
be rejected.  [Mem. in Supp. of Motion at 4-7.]  To support this
position, Defendants rely almost exclusively on cases about
preliminary injunctions. See, e.g., Mem. in Supp. of Motion at 6
(citing Southwest Voter Registration Education Project v.
Shelley, 344 F.3d 914 (9th Cir. 2003), which affirmed the
district court's denial of a preliminary injunction of a recall
election in California); id. (citing Kostick v. Nago, 878 F.
Supp. 2d 1124 (D. Hawai`i 2012), which denied a motion for
preliminary injunction of the enforcement of Hawaii's 2012
Reapportionment Plan and the upcoming election).  Here, the Court
does not construe the Complaint as requesting a preliminary
injunction.  Further, the Complaint clearly states that Plaintiff
seeks to enjoin "the enforcement of the early deadline
requirement," not the election. See Complaint at Prayer for
Relief ¶ B.

**B.    Mootness**

Defendants do not argue that this case is moot, but
"[b]ecause mootness is a jurisdictional issue, we are obliged to
raise it *sua sponte*."  Gator.com Corp. v. L.L. Bean, Inc., 398
F.3d 1125, 1129 (9th Cir. 2005) (citations, alteration, and
internal quotation marks omitted).  The Ninth Circuit has stated:

> It is an inexorable command of the United
> States Constitution that the federal courts
> confine themselves to deciding actual cases and
> controversies.  See U.S. CONST. art. III, § 2,
> cl. 1. . . .  Article III requires that a live
> controversy persist throughout all stages of the
> litigation.  See Steffel v. Thompson, 415 U.S.
> 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505
> (1974) ("an actual controversy must be extant at
> all stages of review, not merely at the time the
> complaint is filed").

Id. at 1128-29.  Here, Plaintiff sought to form a new political
party, and wanted that party to be on the ballot during 2016
election.  [Complaint at ¶ 7.]  In Arizona Green Party v. Reagan,
the Arizona Green Party was not allowed on the 2014 Arizona
ballot because it missed the deadline for official party
recognition.  838 F.3d 983, 986-87 (9th Cir. 2016).  The Arizona
Green Party alleged that the requirements for party recognition
violated its rights under the First and Fourteenth Amendments,
id. at 987, and by the time the Ninth Circuit issued its
decision, the 2014 election was over.  The Ninth Circuit
concluded:

> The 2014 election has come and gone, so we cannot
> devise a remedy that will put the Green Party on
> the ballot for that election cycle.  All specific
> demands for relief related to the 2014 election
> are moot.  Because the Green Party will need to
> requalify as a new party every two election cycles
> . . . , the 180-day deadline is likely to
> resurface again and is therefore "capable of
> repetition, yet evading review," Norman v. Reed,
> 502 U.S. 279, 288, 112 S. Ct. 698, 116 L. Ed. 2d
> 711 (1992) (quoting Moore v. Ogilvie, 394 U.S.
> 814, 816, 89 S. Ct. 1493, 23 L. Ed. 2d 1 (1969)).
> Accordingly, the challenge to that deadline's
> constitutionality is not moot.

Id. at 987-988.  Insofar as Plaintiff sought relief specifically

related to the 2016 election, those specific demands are HEREBY

DISMISSED AS MOOT.  With regard to Plaintiff's constitutional

challenge to Hawaii's election laws, just as in Arizona Green

Party, these claims are "capable of repetition, yet evading

review."  See id. (citation and internal quotation marks

omitted).  The Court therefore CONCLUDES that the instant matter

is not moot.  Accordingly, the Court has subject matter

jurisdiction over the instant matter.

## II.  Section 1983 Claims

"Section 1983 does not create any substantive rights,

but is instead a vehicle by which plaintiffs can bring federal

constitutional and statutory challenges to actions by state and

local officials."[4]  Anderson v. Warner, 451 F.3d 1063, 1067 (9th

---

[4] Section 1983 states, in relevant part:

Every person who, under color of any statute,
                                        (continued...)

9

Cir. 2006) (citing <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d

969, 978 (9th Cir. 2004)).  While maintaining that states'

Eleventh Amendment immunity and § 1983 are distinct, the United

States Supreme Court held that "[s]ection 1983 provides a federal

forum to remedy many deprivations of civil liberties, but it does

not provide a federal forum for litigants who seek a remedy

against a State for alleged deprivations of civil liberties."

<u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989).  As

a result, the Supreme Court held that "a suit against a state

official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office,"

and "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983."  <u>Id.</u> at 71 (citation

omitted).  Therefore, Plaintiff's claims against Hawai`i itself

are barred, and are HEREBY DISMISSED WITH PREJUDICE.[5]

---

[4](...continued)
    ordinance, regulation, custom, or usage, of any
    State or Territory or the District of Columbia,
    subjects, or causes to be subjected, any citizen
    of the United States or other person within the
    jurisdiction thereof to the depravation of any
    rights, privileges, or immunities secured by the
    Constitution and laws, shall be liable to the
    party injured in an action at law, suit in equity,
    or other proper proceeding for redress[.]

[5] Defendants did not address this issue in their brief.
However, "[a] trial court may dismiss a claim sua sponte under
Fed. R. Civ. P. 12(b)(6)."  <u>Omar v. Sea-Land Serv., Inc.</u>, 813
F.2d 986, 991 (9th Cir. 1987) (citation omitted).  Further,
"[s]uch a dismissal may be made without notice where the claimant
                                               (continued...)

Plaintiff also brings claims against Nago in his

official capacity.  In <u>Will</u>, the Supreme Court stated:  "Of

course a state official in his or her official capacity, when

sued for injunctive relief, would be a person under § 1983

because official-capacity actions for prospective relief are not

treated as actions against the State."  491 U.S. at 71 n.10

(citations and internal quotation marks omitted); <u>see also</u> <u>Flint</u>

<u>v. Dennison</u>, 488 F.3d 816, 825 (9th Cir. 2007) ("<u>Will</u> recognized

one vital exception to this general rule . . . .  This exception

recognizes the doctrine of <u>Ex Parte Young</u>, 209 U.S. 123, 28 S.

Ct. 441, 52 L. Ed. 714 (1908), that a suit for prospective

injunctive relief provides a narrow, but well-established,

exception to Eleventh Amendment immunity." (some citations

omitted)).  In addition, "[t]he Eleventh Amendment does not bar

suits for prospective declaratory relief against state officials

in their official capacity."  <u>Nichols v. Montana</u>, No. CV 12-

00102-H-DLC, 2013 WL 943281, at *2 (D. Mont. Feb. 6, 2013)

(citing <u>Idaho v. Couer d'Alene Tribe</u>, 521 U.S. 261 (1997); <u>Doe v.</u>

<u>Lawrence Livermore Nat'l Lab.</u>, 131 F.3d 836, 839 (9th Cir.

1997)).  The Court has already found that Plaintiff's request for

an injunction is moot.  However, Plaintiff also requests

declaratory relief.  Insofar as the declaratory relief that

_____

     [5](...continued)
cannot possibly win relief."  <u>Id.</u> (citation omitted).

Plaintiff seeks on Counts I and II is prospective, his claims may

go forward.  To that end, the Court will consider each of

Plaintiff's claims in turn.

### A.    Count I – First Amendment Claim

Liberally construed, Count I brings a claim for

violation of Plaintiff's First Amendment rights, as incorporated

to the states via the Fourteenth Amendment.[6]  See Nat'l Ass'n for

Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d

1043, 1053 (9th Cir. 2000) ("The First Amendment applies to state

laws and regulations through the Due Process Clause of the

fourteenth Amendment." (citing 44 Liquormart, Inc. v. Rhode

Island, 517 U.S. 484, 489 n.1, 116 S. Ct. 1495, 134 L. Ed. 2d 711

(1996))).

Defendants allege that, because Plaintiff challenges

only the deadline for formation of a new party under § 11-62, and

makes no reference to the rest of the statutory scheme governing

ballot access, he has failed to state a First Amendment ballot

---

[6] The Court notes that the Complaint states that it "seeks
to overturn the unconstitutional statute as a matter of law and
as applied to Plaintiff."  [Complaint at pg. 2.]  "[T]he
distinction between facial and as-applied challenges is not so
well defined that it has some automatic effect or that it must
always control the pleadings and disposition in every case
involving a constitutional challenge." Citizens United v. Fed.
Election Comm'n, 558 U.S. 310, 331 (2010).  "The distinction is
both instructive and necessary, for it goes to the breadth of the
remedy employed by the Court, not what must be pleaded in a
complaint." Id. (citation omitted).  Here, the distinction has
no bearing on the Court's conclusions.

access claim.  [Mem. in Supp. of Motion at 11.]  This Court

agrees.  In Burdick v. Takushi, the Supreme Court affirmed the

Ninth Circuit's reversal of a grant of summary judgment and

injunctive relief in favor of a plaintiff who had challenged

Hawaii's ban on write-in voting under the First and Fourteenth

Amendment.  504 U.S. 428, 430-32 (1992).  In doing so, the

Supreme Court explained:

> Election laws will invariably impose some
> burden upon individual voters.  Each provision of
> a code, "whether it governs the registration and
> qualifications of voters, the selection and
> eligibility of candidates, or the voting process
> itself, inevitably affects – at least to some
> degree – the individual's rights to vote and his
> right to associate with others for political
> ends." Anderson v. Celebrezze, 460 U.S. 780, 788,
> 103 S. Ct. 1564, 1569-1570, 75 L. Ed. 2d 547
> (1983).  Consequently, to subject every voting
> regulation to strict scrutiny and to require that
> the regulation be narrowly tailored to advance a
> compelling state interest, as petitioner suggests,
> would tie the hands of States seeking to assure
> that elections are operated equitably and
> efficiently.  Accordingly, the mere fact that a
> State's system "creates barriers . . . tending to
> limit the field of candidates form which voters
> might choose . . . does not of itself compel close
> scrutiny." Bullock v. Carter, 405 U.S. 134, 143,
> 92 S. Ct. 849, 856, 31 L. Ed. 2d 92 (1972);
> Anderson, *supra*, 460 U.S., at 788, 103 S. Ct., at
> 1569-1570; McDonald v. Board of Election Comm'rs
> of Chicago, 394 U.S. 802, 89 S. Ct. 1404, 22 L.
> Ed. 2d 739 (1969).
>
>          . . . .
>
> Under this standard, the rigorousness of our
> inquiry into the propriety of a state election law
> depends upon the extent to which a challenged
> regulation burdens First and Fourteenth Amendment
> rights.  Thus, as we have recognized when those

13

> rights are subjected to "severe" restrictions, the
> regulation must be "narrowly drawn to advance a
> state interest of compelling importance." <u>Norman
> v. Reed</u>, 502 U.S. 279, 289, 112 S. Ct. 698, 705,
> 116 L. Ed. 2d 711 (1992).  But when a state
> election law provision imposes only "reasonable,
> nondiscriminatory restrictions" upon the First and
> Fourteenth Amendments rights of voters, "the
> State's important regulatory interests are
> generally sufficient to justify" the restrictions.
> <u>Anderson</u>, 460 U.S., at 788, 103 S. Ct., at 1569-
> 1570; <u>see also</u> <u>id.</u>, at 788-789, n.9, 103 S. Ct.,
> at 1569-1570, n.9.

504 U.S. 428, 433-34 (1992).  The Supreme Court thereafter

examined Hawaii's laws and the different ways in which a

candidate can get their name on the ballot – by forming a new

political party, through an established party, or by utilizing

the nonpartisan process.  <u>Id.</u> at 435-36.  The Supreme Court

concluded that, "[a]lthough Hawaii makes no provision for write-

in voting in its primary or general elections, the system

outlined above provides for easy access to the ballot until the

cutoff date for the filing of nominating petitions, two months

before the primary."  <u>Id.</u> at 436-37.  These three options are

still available today.  <u>See</u> Mem. in Supp. of Motion at 11-12.

The importance of considering the entirety of a state's

election laws has been repeatedly confirmed by the Ninth Circuit:

"Appellants here have failed to show Hawaii's election scheme

imposes a severe burden on independent candidates for president

even in light of an examination of Hawaii's regulatory scheme as

a whole."  <u>Narder v. Cronin</u>, 620 F.3d 1214, 1218 (9th Cir. 2010);

14

see also <u>Ariz. Libertarian Party v. Reagan</u>, 798 F.3d 723, 730

(9th Cir. 2015) (quoting <u>Cronin</u> in expressing that a court must

look at the entirety of a state's elections procedures).  Here,

Plaintiff does not discuss Hawaii's election laws other than

§ 11-62, and he does not allege that, together, they deny him his

constitutional rights.

In addition, to the extent that Plaintiff brings

Count I for violation of his First Amendment right to free

speech, <u>see</u> Complaint at ¶ 19 ("The Defendants' actions, acting

under color of state law, deprived and severely burdens

Plaintiff's political speech . . . ."), his allegations also

fail:

> Petitioner's argument is based on two flawed
> premises.  First, in <u>Bullock v. Carter</u>, we
> minimized the extent to which voting rights cases
> are distinguishable from ballot access cases,
> stating that "the rights of voters and the rights
> of candidates do not lend themselves to neat
> separation."  405 U.S., at 143, 92 S. Ct., at 856.
> Second, the function of the election process is
> "to winnow out and finally reject all but the
> chosen candidates," <u>Storer [v. Brown]</u>, 415 U.S.
> [724,] 735, 94 S. Ct. [1274,] 1281 [(1974)], not
> to provide a means of giving vent to "short-range
> political goals, pique, or personal quarrel[s]."
> *Ibid.*  Attributing to elections a more generalized
> expressive function would undermine the ability of
> States to operate elections fairly and
> efficiently.  <u>Id.</u>, at 730, 94 S. Ct., at 1279.

<u>Burdick</u>, 504 U.S. at 438 (footnote omitted).  In short, Count I

fails to state a claim upon which relief can be granted, <u>see</u> Fed.

R. Civ. P. 12(b)(6), and it is HEREBY DISMISSED.

**B.    Count II – Fourteenth Amendment Equal Protection**

Count II appears to allege that § 11-62 is discriminatory and arbitrary, in violation of the Fourteenth Amendment's Equal Protection Clause.  [Complaint at ¶ 23.] Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because he does not explain how the state statute "treats similarly situated individuals differently." [Mem. in Supp. of Motion at 14.]  Moreover, Defendants assert that, "[i]f Plaintiff is attempting to raise an allegation that unqualified political parties are subject to more burdensome rules than established, qualified political parties, this claim is foreclosed by Ninth Circuit precedent."  [Id.]

This district court has explained the two ways for a plaintiff to establish an equal protection claim.  "First, a plaintiff may show that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such as race."  Kamakeeaina v. City & Cty. of Honolulu, Civ. No. 11-00770 SOM-RLP, 2012 WL 3113174, at *8 (D. Hawai`i July 31, 2012) (some citations omitted) (citing Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005)).  "Second, a plaintiff may establish an equal protection violation by showing that he was treated differently from similarly situated individuals, and that the different treatment was not rationally related to a legitimate state purpose."  Id.

16

(some citations omitted) (citing <u>Vill. of Willowbrook v. Olech</u>,

528 U.S. 562, 564 (2000)).  More generally, "[t]o state an equal

protection claim, [a p]laintiff must allege that: '(1) he is a

member of an identifiable class; (2) he was intentionally treated

differently from others similarly situated; and (3) there is no

rational basis for the difference in treatment.'"  <u>Id.</u> (citing

<u>Olech</u>, 528 U.S. at 564).

Plaintiff does not allege that he is a member of a

protected class, nor does he allege that he is a member of an

identifiable class.  Accordingly, the Court CONCLUDES that

Plaintiff has failed to state a claim upon which relief can be

granted, and Count II is HEREBY DISMISSED.[7]

## III. <u>Leave to Amend</u>

The court has:  dismissed Hawai`i from this action,

with prejudice; dismissed as moot Counts I and II insofar as they

seek injunctive relief that relates to the 2016 election; and

dismissed the remainder of Counts I and II for failure to state a

---

[7] Other courts have dismissed election-law cases for failure
to state a claim.  <u>See, e.g.</u>, <u>Stone v. Bd. of Election Comm'r for
Chicago</u>, 750 F.3d 678, 685-86 (7th Cir. 2014) (examining the
regulatory scheme for Chicago mayoral elections and affirming the
district court's grant of a motion to dismiss for failure to
state a claim); <u>Rubin v. City of Santa Monica</u>, 308 F.3d 1008 (9th
Cir. 2002) (examining the regulatory scheme governing Santa
Monica's city council elections, and affirming the district
court's grant of a motion to dismiss for failure to state a
claim).

claim.[8]

Although unlikely, it is arguably possible that Plaintiff's claims – insofar as they seek prospective declaratory relief – can be cured by amendment.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)).  Accordingly, this Court will allow Plaintiff to file a motion for leave to file an amended complaint.  Plaintiff must attach his proposed amended complaint to the motion for leave to file.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").  This Court ORDERS Plaintiff to file his motion for leave to file an amended complaint by **May 9, 2017**.  The motion will be referred to the magistrate judge.

---

[8] For the sake of judicial economy, the Court notes that, while Plaintiff seeks attorneys' fees pursuant to § 1988, this statute does not apply to pro se litigants.  See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990) ("Even if [the plaintiff] had been the prevailing party, he could not obtain attorney fees because he is *pro se*."), *superseded by statute on other grounds as recognized in* Warsoldier v. Woodford, 418 F.3d 989, 997 (9th Cir. 2005).

This Court CAUTIONS Plaintiff that his proposed amended complaint must state all of the facts and all of the legal theories upon which his claims rely.  Plaintiff may not rely upon or incorporate by reference any portion of his original Complaint.  This Court will not consider Plaintiff's amended complaint collectively with his prior filings in this case.

This Court also CAUTIONS Plaintiff that, if he fails to file his motion for leave to file an amended complaint by **May 9, 2017**, the claims against Nago that this Court has dismissed without prejudice will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case.  In other words, Plaintiff would have no remaining claims in this case, and his lawsuit would be over. Further, this Court CAUTIONS Plaintiff that, even if the magistrate allows Plaintiff to file his proposed amended complaint, this Court may still dismiss the amended complaint with prejudice if it fails to cure the defects identified in this Order.

## CONCLUSION

On the basis of the foregoing, Defendants Scott T. Nago, in his official capacity as Chief Election Officer, and the State of Hawaii's Motion to Dismiss, filed September 27, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiff must file his motion for leave to file an amended complaint by **May 9, 2017**,

and the motion must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2017.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROQUE DE LA FUENTE VS. SCOTT T. NAGO, ETC.; CIVIL 16-00398 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**